## Colyer Bros. v. Neyens.

(Decided May 23, 1911.)

### Appeal from Madison Circuit Court.

Appeals—Question of Fact—Affirmed On the Evidence—This appeal involving merely a question of fact is affirmed on the evidence.

J. A. SULLIVAN, J. TEVIS COBB and S. M. WALLACE for appellant.

L. B. HERRINGTON and W. S. MOBBERLY for appellee

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal involves a question mainly of fact. The law of the case is not difficult of solution. On February 6, 1906, the Acme Food Co. of Chicago, Illinois, sent two of its agents, Stetler and Reed, to Richmond, Kentucky, to sell its food. Colyer Bros. were engaged in running what was known as the "Country Store" in that city, and these agents, who were selling this food throughout the county desired to make a contract with some merchant in Richmond to receive the food in car load lots and distribute it to the smaller customers throughout the county and the adjoining counties of Estill and Jackson. As usual, according to appellants and about which there is not much contradiction, the agents induced appellants to believe there was a big profit coming to them with but little trouble and expense and scarcely no risk. The agents promised to see the merchants in the counties named and take their orders for the food and appellants were to distribute it in accordance with the orders. Eventually, on February 6th, appellants were induced to make an order to the Acme Food Co. for a car load of their food, specifying in their order the kinds and number of pounds wanted, amounting to $1,689.00. They signed this order and also a note for a like amount, due in one hundred and fifty days, to which was attached a guarantee of the food by the company with a perforated line between them. The things stated to appellants by the agents of the Acme Food Co. to induce them to enter into and execute these writings, were not stated therein. The agents told them at the time that it was not necessary, as the company would comply with every promise they, the agents, made; that they had always and would con-

tinue to do so. Three days after the execution of these papers, appellants discovered on the margin of the printed matter left with them, that the food company would not be bound by any statements of their agents not incorporated in the writing, and they wrote the Food Company on February 9th and told it that unless it would comply with the agreements and promises made by its agents, not to ship the car load of food and to return the note. Correspondence and considerable wrangling continued between the parties until February 16th when appellants telegraphed the food company not to ship the car load of food. As there was a misunderstanding between the parties and a failure of their minds to meet before the goods were shipped, the telegram would have ended the matter and relieved appellants from any liability had the matter stopped there, but unfortunately for them it did not. The food company claims that their agents, Stetler and Reed, appeared in Richmond again on the 17th or 18th of February and made and entered into a new written agreement with appellants, the one sued on and filed with this action, and by agreement dated it back to February 6th, and it was in compliance with this agreement that the car load of food was shipped. When the food reached Richmond, Stetler, one of the agents, appeared to carry out the contract, but appellants refused to receive the goods and the railroad company finally sold them to pay the freight. Appellants denied that they made the agreement on the 17th or 18th of February and dated it back to the 6th, the date of the original contract. If correct in this, they should win, if not, the last writing, the one of February 17th or 18th, was intended to include all agreements that were made between appellants and the agents and not incorporated in the original writing, and they should lose regardless of the apparent hardship.

The lower court determined from the testimony that this second writing was executed in lieu of the first and dated back. We have examined the record with very great care upon this point, but it is needless to repeat and discuss the testimony with reference thereto. It is sufficient to say that there is as much testimony to support one theory as the other, and we are not authorized to disturb the finding of the lower court under such circumstances.

It is unnecessary to determine the other questions presented in the record.

For these reasons, the judgment of the lower court is affirmed.